J-S60009-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NELSON HERNANDEZ RIVERA | : | |
| | : | |
| Appellant | : | No. 927 MDA 2019 |

Appeal from the Judgment of Sentence Entered January 4, 2019
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0002098-2017

BEFORE:   SHOGAN, J., STABILE, J., and PELLEGRINI, J.[*]

MEMORANDUM BY SHOGAN, J.:                **FILED DECEMBER 03, 2019**

Appellant, Nelson Hernandez Rivera, appeals from the judgment of sentence entered on January 4, 2019, in the Luzerne County Court of Common Pleas.  Appellant's counsel has filed a petition to withdraw representation and a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009), which govern withdrawal from representation on direct appeal.  Appellant has not filed a response to counsel's petition to withdraw.  Following our review, we grant counsel's petition to withdraw and affirm the judgment of sentence.

The affidavit of probable cause and notes of testimony from the guilty plea and sentencing hearings reveal that Appellant and Evelyn Almonte

_____

[*] Retired Senior Judge assigned to the Superior Court.

("Victim"), who "grew up together" and were from "the same village" in the Dominican Republic, were in a romantic relationship, had a daughter, and resided in Luzerne County. N.T. (Sentencing), 1/4/19, at 12–13. The affidavit of probable cause reveals that the security guard at the Crystal Barbecue Bar observed Appellant and Victim arguing at 11:30 p.m. on March 19, 2017. At approximately 1:40 a.m. on March 20, 2017, Appellant "grabbed [Victim] by the hair" when he observed her sitting with an unknown male. Affidavit of Probable Cause, 5/9/17, at 1. Ten or fifteen minutes later, Victim left the bar, followed by Appellant. *Id.* The security guard followed them outside and saw Appellant "stabbing [Victim] viciously and repeatedly in the chest" . . . "at least 15 times to vital parts of her body." *Id.*; N.T. (Guilty Plea), 10/29/18, at 8. The security guard fired his gun twice, striking Appellant once in the leg. Affidavit of Probable Cause, 5/9/17, at 2.

Appellant was charged with one count of attempted homicide and one count of aggravated assault as a result of the stabbing. Appellant pled guilty to attempted homicide[1] on October 29, 2018, and the Commonwealth agreed to withdraw the charge of aggravated assault. Plea Agreement, 10/29/18, 1–3; N.T. (Guilty Plea), 10/29/18, at 3. The trial court sentenced Appellant on January 4, 2019, to eighteen to forty years in prison. N.T. (Sentencing), 1/4/19, at 17. Appellant filed a post-sentence motion on January 14, 2019,

---

[1] 18 Pa.C.S. §§ 2501(a) and 901(a).

which the trial court denied on May 2, 2019. Appellant filed a timely notice of appeal, and both Appellant and the trial court complied with Pa.R.A.P. 1925.

Before we address any question raised on appeal, we must resolve appellate counsel's request to withdraw. *Commonwealth v. Cartrette*, 83 A.3d 1030 (Pa. Super. 2013) (*en banc*). There are procedural and briefing requirements imposed upon an attorney who seeks to withdraw on appeal. The procedural mandates are that counsel must:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

*Id.* at 1032 (citation omitted).

In addition, our Supreme Court, in *Santiago*, 978 A.2d 349, stated that an *Anders* brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

Counsel has complied with the **Anders** requirements for withdrawal as outlined in **Cartrette**. Specifically, counsel requested to withdraw based upon his determination that the appeal is wholly frivolous. Petition to Withdraw as Counsel, 9/3/19, at ¶ 3. Additionally, counsel sent a letter to Appellant that he attached to his withdrawal petition.[2] In that letter, counsel informed Appellant that he has filed a petition to withdraw and an **Anders** brief, a copy of which he included, and he apprised Appellant of his right to proceed *pro se* or with privately retained counsel. Thus, Appellant's appellate counsel satisfied the requirements of **Anders**.

Also, counsel's brief is sufficiently compliant with **Santiago**. While the brief fails to cite to the record, it sets forth the history of this case, outlines pertinent case authority, and refers to an issue of arguable merit. **Anders** Brief at 1–5. Further, the brief advances counsel's conclusion that the appeal is frivolous and the reason for counsel's conclusion. **Id.** at 6–7. Accordingly, we proceed to examine the issue counsel identified in the **Anders** brief, and then we conduct "a full examination of all the proceedings, to decide whether

---

[2] While counsel misstates in his Petition to Withdraw that he advised Appellant of his right to proceed *pro se* or with private counsel "**should** this … Court grant" the petition to withdraw, Petition to Withdraw as Counsel, 9/3/19, at ¶ 4 (emphasis added), instead, counsel correctly advised Appellant of his right to immediately so proceed. **See Commonwealth v. Muzzy**, 141 A.3d 509 (Pa. Super. 2016) (clarifying that counsel's letter to client shall inform client that upon counsel's filing of petition to withdraw, client has immediate right to proceed in appeal *pro se* or by privately retained counsel). As noted *supra*, Appellant has not responded to counsel's petition to withdraw.

the case is wholly frivolous." ***Commonwealth v. Yorgey***, 188 A.3d 1190, 1195 (Pa. Super. 2018) (*en banc*).

Counsel for Appellant has indicated that after review of the certified record, there are no meritorious issues. ***Anders*** Brief at 6. However, counsel set forth one possible issue on Appellant's behalf: "Whether the trial court abused its discretion in sentencing [Appellant] at the top-end of the standard range of the Sentencing Guidelines."[3] ***Id.*** at 1.

Appellant's issue relates to the discretionary aspects of his sentence. It is well settled that a challenge to the discretionary aspects of a sentence is a petition for permission to appeal, as the right to pursue such a claim is not absolute. ***Commonwealth v. Treadway***, 104 A.3d 597, 599 (Pa. Super. 2014). "An appellant must satisfy a four-part test to invoke this Court's jurisdiction when challenging the discretionary aspects of a sentence," by (1) preserving the issue in the court below, (2) filing a timely notice of appeal, (3) including a Rule 2119(f) statement, and (4) raising a substantial question for our review. ***Commonwealth v. Tejada***, 107 A.3d 788, 797 (Pa. Super.

---

[3] We note that the Sentencing Guideline ranges refer to an offender's minimum sentence. ***See Commonwealth v. Yeomans***, 24 A.3d 1044, 1049 (Pa. Super. 2011) ("[T]he sentencing guidelines provide for minimum and not maximum sentences") (citation omitted)). Instantly, the applicable standard minimum guideline range was ninety–240 months of imprisonment. N.T. (Sentencing), 1/4/19, at 3; Trial Court Opinion, 7/18/19, at unnumbered 4–5 ("The standard range of the guidelines for criminal attempt to commit criminal homicide based upon [Appellant's] use of a deadly weapon is 90–240 months"). Here, the trial court imposed a minimum sentence of 216 months, which is near the top of the standard range of the Guidelines.

2015) (citation omitted); **Commonwealth v. Austin**, 66 A.3d 798, 808 (Pa. Super. 2013).

In the instant case, Appellant filed a timely appeal, the issue was properly preserved in a post-sentence motion, and Appellant's brief contains a purported concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence pursuant to Pa.R.A.P. 2119(f). Accordingly, we must determine whether Appellant has raised a substantial question that the sentence is not appropriate under 42 Pa.C.S. § 9781(b). **Commonwealth v. Moury**, 992 A.2d 162, 170 (Pa. Super. 2010).

The determination of whether there is a substantial question is made on a case-by-case basis, and this Court will allow the appeal only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code, or (2) contrary to the fundamental norms which underlie the sentencing process. **Commonwealth v. Caldwell**, 117 A.3d 763, 768 (Pa. Super. 2015). "Our inquiry must focus on the reasons for which the appeal is sought, in contrast to the facts underlying the appeal, which are necessary only to decide the appeal on the merits." **Commonwealth v. Knox**, 165 A.3d 925, 929 (Pa. Super. 2017) (quoting **Commonwealth v. Tirado**, 870 A.2d 362, 365 (Pa. Super. 2005)). The **Anders** brief's Pa.R.A.P. 2119(f) statement, consisting of one conclusory sentence stating, "The trial court sentencing

[Appellant] in the high-end of the standard range is a substantial question requiring discretionary review," is insufficient to raise a substantial question. However, because an appellant's failure even to **file** a separate Rule 2119 statement, where counsel has sought to withdraw, does not preclude review of whether an appellant's issue is frivolous, ***Commonwealth v. Bynum-Hamilton***, 135 A.3d 179 (Pa. Super 2016), and ***Commonwealth v. Zeigler***, 112 A.3d 656, 661 (Pa. Super. 2015), we will consider Appellant's claim.

Herein, even if Appellant sufficiently articulated a substantial question, we would determine that the sentencing court did not commit an abuse of discretion. While the trial court found the issue waived due to the insufficient Rule 2119 statement, in the alternative, the court concluded:

> Before sentencing [Appellant], this [c]ourt had an opportunity to review the pre-sentence investigation [("PSI")] report prepared by the Luzerne County Probation Department and consider the information contained therein. The standard range of the guidelines for criminal attempt to commit criminal homicide based upon [Appellant's] use of a deadly weapon is 90 to 240 months. [Appellant's] sentence of 216 to 480 months is within the standard range. There is no requirement that a court impose the minimum possible confinement. Commonwealth v. Walls, 926 A.2d 957, 965 (Pa. 2007).

> [Appellant] intended to kill the victim by stabbing her multiple times resulting in life-threatening injuries. [Appellant] discontinued his attack after being shot by a security guard. Application of the guidelines based on the facts of this case was clearly appropriate. A sentence of 18 to 40 years is neither unreasonable nor excessive. No abuse of discretion occurred.

Trial Court Opinion, 7/18/19, at unnumbered 4–5.

"Sentencing is vested in the discretion of the trial court, and will not be disturbed absent a manifest abuse of that discretion." **Commonwealth v. Mrozik**, 213 A.3d 273, 276 (Pa. Super. 2019) (citing **Commonwealth v. Downing**, 990 A.2d 788, 792 (Pa. Super. 2010)). At sentencing, the trial court indicated that it received and reviewed the PSI report. N.T. (Sentencing), 1/4/19, at 3. When a PSI report exists, this Court presumes that the trial court "was aware of relevant information regarding the defendant's character and weighed those considerations along with the mitigating statutory factors." **Commonwealth v. Finnecy**, 135 A.3d 1028, 1038 (Pa. Super. 2016). Moreover, "where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code." **Moury**, 992 A.2d at 171. There is no abuse of discretion in sentencing.

Finally, we have independently reviewed the record in order to determine if counsel's assessment about the frivolous nature of the present appeal is correct. **Yorgey**, 188 A.3d at 1195. After review of the issue raised by counsel and our independent review of the record, we conclude that an appeal in this matter is frivolous. Accordingly, we grant counsel's petition to withdraw and affirm the judgment of sentence.

Petition to withdraw as counsel granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/03/2019